**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| KEVIN E. HICKS,<br><br>*Plaintiff*,<br><br>v.<br><br>F.U.M. RICHARD TROUT et al.,<br><br>*Defendants*. | Case No. 1:25-cv-00173-MAL |

**MEMORANDUM AND ORDER**

Kevin E. Hicks, a self-represented prisoner, filed a Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983, (Doc. 1), a motion for leave to proceed *in forma pauperis*, (Doc. 2), a motion for appointment of counsel, (Doc. 3), and a motion to amend his complaint, (Doc. 6). Before this case proceeds, the Court must address several defects in Hicks's filings.

## I. Motion for leave to proceed *in forma pauperis*

Congress mandates that federal courts collect a filing fee from a party instituting any civil action, suit, or proceeding. 28 U.S.C. § 1914. Courts may waive prepayment of this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed *in forma pauperis*.

To obtain *in forma pauperis* status, a prisoner litigant must file an affidavit demonstrating his inability to pay. 28 U.S.C. § 1915(a)(1). In addition to the standard *in forma pauperis* affidavit, a prisoner must provide a certified copy of his

inmate-account statement for the "6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

If the prisoner litigant lacks sufficient funds, the Court assesses an initial partial filing fee equal to 20 percent of the higher of the average monthly deposits or the average monthly balance in the prisoner litigant's account. 28 U.S.C. § 1915(b)(1). After that, the prisoner litigant must make monthly payments equal to 20 percent of his income until the prisoner litigant pays the fee in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

Hicks did not provide a certified copy of his inmate-account statement. When a plaintiff provides an incomplete financial picture, it paralyzes a court's ability to properly determine the plaintiff's *in forma pauperis* status. *See Hobson v. Schmitt*, No. 4:23-cv-00781-SRC, 2023 WL 4234550, at *3 (E.D. Mo. June 28, 2023). The Court therefore denies Hicks's motion without prejudice. If Hicks wishes to proceed with this matter, he must, **no later than September 21, 2026**, either (i) pay the full $405 filing fee or (ii) file a renewed *in forma pauperis* application on the Court-provided form and a certified inmate-account statement, both compliant with 28 U.S.C. § 1915(a).

## II. Motion to amend

Hicks filed his original complaint on a Court-provided form but attached a lengthy handwritten supplement. (Doc. 1). He later filed a motion to amend with a self-formatted, handwritten amended complaint. (Docs. 6, 6-1). The Court grants the motion to amend but orders Hicks to file a second amended complaint that complies with the Federal Rules of Civil Procedure.

Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief" and demands that each allegation be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Rule 10(b) further requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and to state each claim founded on a separate

transaction or occurrence in a separate count when doing so would promote clarity. Fed. R. Civ. P. 10(b). Together, these rules ensure that the complaint gives defendants fair notice of the claims against them. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Hicks must file his second amended complaint on the enclosed form **no later than September 21, 2026.** For each defendant, Hicks must allege facts that explain what that defendant did or failed to do to cause harm. The Court reminds Hicks that an amended complaint supersedes an original complaint and renders the original complaint without legal effect. *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000).

## III. Motion for appointment of counsel

Lastly, the Court addresses Hicks's motion for appointment of counsel. (Doc. 3). In civil cases, a self-represented litigant does not have a "constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam) (citation omitted). Rather, a district court may appoint counsel "if convinced that an indigent plaintiff has stated a non-frivolous claim," *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citation omitted), "and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel,'" *id.* (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). The Court finds that appointment of counsel is not warranted at this time. Until Hicks either pays the filing fee or properly obtains *in forma pauperis* status, the Court cannot assess the merits of his claims or determine whether he or the Court would benefit from the assistance of counsel. The Court therefore denies the motion without prejudice.

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Hicks's motion to amend (Doc. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Hicks must also file, **no later than September 21, 2026**, a second amended complaint on the Court-provided form that complies with the instructions in this order.

**IT IS FURTHER ORDERED** that Hicks's motion for leave to proceed *in forma pauperis* (Doc. 2) and motion for appointment of counsel (Doc. 3) are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Hicks must, **no later than September 21, 2026**, either (i) pay the full $405 filing fee or (ii) file a renewed *in forma pauperis* application on the Court-provided form and a certified inmate-account statement, both compliant with 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Hicks the Court's standard application to proceed in district court without prepaying fees or costs and the Court's standard prisoner civil-rights complaint form.

**IT IS FURTHER ORDERED** that if Hicks fails to comply with this order, the Court may dismiss this case without prejudice and without further notice.

Dated this 20th day of August, 2026.

Maria A. Lanahan

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE